The undersigned respectfully dissents from the Opinion and Award of the majority in this case. In this matter, plaintiff failed to file a Form 44 or brief. Accordingly, the Full Commission has no assignments of error from plaintiff on which to judge plaintiff's appeal. The Court of Appeals recently addressed this issue in Roberts v. Wal-mart Stores, Inc.,
___ N.C.App. ___, 617 S.E.2d 907 (2005). In particular, the Court of Appeals notes that "the portion of Rule 701 requiring appellant to state with particularity the grounds for appeal may not be waived by the Full Commission." Id. at 910. Therefore, I believe that it is outside of the jurisdiction of the Full Commission to decide this matter on the merits given the procedural posture and the relevant caselaw. Accordingly, I would vote to DISMISS plaintiff's claim for failure to file a Form 44, or to state with particularity the grounds for appeal.
Notwithstanding the procedural issues, I disagree with the majority that plaintiff has proven her burden in this case. The greater weight of the evidence fails to prove that plaintiff's spondylosis was aggravated by her injury by accident according to the standard set for by Holley v. ACTS, Inc., 357 N.C. 228
(2003). The expert testimony presented by plaintiff regarding causation, when taken as a whole, is speculative in nature.
As plaintiff has failed to carry her burden of proof regarding aggravation of her pre-existing spondylosis, her claim for additional workers' compensation benefits should be DENIED.
Accordingly, I dissent.
This the __ day of January, 2006.
 S/ _______________________ BUCK LATTIMORE CHAIRMAN